LAW OFFICE OF MARK GALLAGHER

MARK F. GALLAGHER   6016
66 Kaiholu Place
Kailua, Hawai`i  96734
Telephone:  535-1500

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOMINIQUE CAMPBELL-OSTER,<br><br>    Plaintiff,<br><br>  vs.<br><br>BRIGHAM YOUNG UNIVERSITY –<br>HAWAII; BRIGHAM YOUNG<br>UNIVERSITY – HAWAII STUDENT<br>ASSOCIATION; MARC GARDNER,<br><br>    Defendants. | CIVIL NO.<br>(Other Civil Action)<br><br>COMPLAINT; DEMAND FOR JURY<br>TRIAL |

COMPLAINT

    Plaintiff Dominique Campbell-Oster alleges and avers
as follows:

JURISDICTION AND VENUE

    1.   This action is brought pursuant to Title VII of
the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et
seq. to remedy sexual harassment and discrimination on the basis

of sex in the terms, conditions and privileges of employment. Plaintiff also asserts State common law and statutory claims.

2.     This action is also brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a), et seq.

3.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

4.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

5.     This action includes claims brought under state common law and statutory law including, without limitation, HRS 378-3(10) and HRS 386-5. This Court has supplemental

jurisdiction over such claims pursuant to 28 U.S.C. § 1367. This
is also an action to redress the deprivation of Plaintiff's
constitutional rights under the Fourteenth Amendment of the
United States Constitution pursuant to 42 U.S.C. § 1983.

6.   Plaintiff Dominique Campbell-Oster timely filed a
charge of discrimination with the Hawaii Civil Rights Commission
("HCRC") and the Equal Employment Opportunity Commission
("EEOC"). On or about September 21, 2016 a right to sue letter
was issued to Plaintiff by HCRC and on behalf of EEOC.

7.   The acts, omissions and transactions alleged
herein occurred entirely within the District of Hawaii and venue
is proper pursuant to 28 U.S.C. § 1391 and the damages alleged
are in excess of $75,000.00.

<u>PARTIES</u>

8.   At all times relevant herein, Plaintiff Dominique
Campbell-Oster was a resident of Hawaii and a student at and
employee of Brigham Young University-Hawaii. She is female.

9.   At all time relevant herein, Defendant Marc
Gardner was a resident of Hawaii and a student at and employee
of Brigham Young University-Hawaii. He is no longer a resident
of Hawaii.

10.   At all times relevant herein, Defendant Brigham
Young University – Hawaii(Defendant BYUH) is and was a foreign

3

nonprofit corporation located in and doing business in the City and County of Honolulu, State of Hawaii. Defendant BYUH received funding from the federal government.

11. At all times relevant herein, Defendant Brigham Young University - Hawaii Student Association (Defendant BYUH Student Association) is and was a foreign nonprofit corporation, subdivision of and/or dba for BYUH located in and doing business in the City and County of Honolulu, State of Hawaii.

<u>STATEMENT OF FACTS</u>

12. In October 2015 and through April 2016, Plaintiff was a student at Brigham Young University - Hawaii. She was also an employee of Defendant BYUH and Defendant BYUH Student Association working as an assistant in the offices of the Student Association.

13. In October 2015 and through April 2016, Defendant Gardner was a student at Brigham Young University - Hawaii. He was also an employee of Defendant BYUH and Defendant BYUH Student Association working as the president of the Student Association which were responsible for his training. This position required the direct supervision of 5-10 employees and the indirect supervision of 25-50 employees. Defendant Gardner was under the supervision and control of Alison Whiting, Director of Student Leadership, Activities and Service.

4

Defendants BYUH and BYUH Student Association are directly liable
for Defendant Gardner's conduct under the doctrines of strict
liability, respondeat superior, vicarious liability and/or
agency.

14.   Defendant Gardner had a history of psychological
issues and substance abuse such that he posed a danger to
others. These conditions were known of, or should have been
known of, by Defendants BYUH and BYUH Student Association

15.   Defendant Gardner was Plaintiff's direct
supervisor. He had actual and apparent authority over Plaintiff
and the terms and conditions of her employment.

16.   Plaintiff began work with the BYUH defendants on
or about October 7, 2015. Thereafter her supervisor, Defendant
Gardner, drove her out to Sunset Beach. During the return trip
to campus Defendant Gardner sexually assaulted Plaintiff.

17.   Thereafter and through the remainder of
Plaintiff's employment, Defendant Gardner used his position as
Plaintiff's supervisor and superior to direct and/or lure her to
the offices of the BYUH Student Association and other locations
where he could isolate and repeatedly assault her.

18.   Plaintiff had previously been suspended from BYUH
for an alleged violation of its Honor Code which would punish
her for sexual actions, even though non-consensual, inhibiting

her from reporting and seeking assistance from the BYUH
Defendants.

19.   During this time, Defendant Gardner verbally and
physically harassed and threatened Plaintiff. He repeatedly told
Plaintiff that she would be sorry if she did not cooperate with
his sexual overtures. Defendants Gardner stalked and harassed
Plaintiff in person, by phone and by text. He continues to
harass and threaten via social media.

20.   During this time, Defendant Gardner used his
supervisory and superior position to demand sexual favors in
exchange for favorable employment conditions and support for
advancement. This conduct constituted quid pro quo harassment.

21.   Other supervisory employees of the BYUH
Defendants, including but not limited to Alison Whiting, knew
Defendant Gardner was abusing his authority over Plaintiff and
committing acts which constituted sexual harassment yet they
took no steps to stop this conduct.

22.   On or about April 8, 2015, Plaintiff was
intending an application for the position for vice president of
the student association, a position which would have provided
greater benefits and income than what she was then earning.
Defendant Gardner was aware of Plaintiff's plans. Immediately
before the interview for this position, over which Defendant

Gardner had influence, he called Plaintiff to solicit sex as a quid pro quo for his support of her candidacy.

23.   Plaintiff endured quid pro quo harassment and hostile work environment harassment until she could take it no longer and was constructively discharged.

24.   During this abuse Defendants BYUH and BYUH Student Association knew of, or should have known of Defendant Gardner's improper actions and failed to intervene, protect Plaintiff and failed to provide a safe school environment for Plaintiff.

25.   The sex based harassment of Plaintiff was severe, pervasive and objectively offensive.

26.   On April 15, 2015, Plaintiff was forced to quit her position at BYUH. She was psychologically incapable of taking her semester ending exams and special arrangements had to be made for her to take them off campus. Plaintiff then found herself unable to return and transferred to another university on the mainland.

27.   As a result of the foregoing Plaintiff was deprived of educational opportunities and benefits at BYU Hawaii.

28.   Defendants BYUH and BYUH Student Association had actual knowledge of the foregoing but were deliberately indifferent to same.

<u>CLAIMS FOR RELIEF</u>

<u>VIOLATIONS OF TITLE VII – SEXUAL HARASSMENT</u>

29.   Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

30.   The above-described acts, omissions and conduct by Defendants altered the terms, conditions and privileges of Plaintiff's employment, had the purpose and effect of unreasonably interfering with her work performance, created an intimidating, hostile and/or offensive working environment, and resulted her in constructive discharge from employment and departure from BYUH as an employee and a student.

31.   Based upon the acts and omissions described above, Defendants are in violation of Title VII.

32.   As a result of the foregoing acts, omissions and conduct, Plaintiff has suffered general and special damages in amounts to be shown at trial, and is entitled to all equitable and legal remedies and damages, including but not limited to reasonable attorney's fees and costs, and all other remedies provided under Title VII.

8

## SEXUAL HARASSMENT

33.   Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

34.   Plaintiff was illegally sexually harassed by a managerial employee of Defendants BYUH and BYUH Student Association during the course of her employment with them in violation of Hawaii law and Plaintiff's statutory and constitutional rights under the United States and Hawaii Constitutions.

35.   Plaintiff asserts this count pursuant to HRS 378-3(10) and HRS 386-5.

36.   As a result of the foregoing acts, omissions and conduct, Plaintiff has suffered general and special damages in amounts to be shown at trial, and is entitled to all equitable and legal remedies and damages, provided in HRS 368-17, including but not limited to reasonable attorney's fees and costs.

## VIOLATIONS OF TITLE IX

37.   Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

38.   BYUH is an educational institution receiving federal funds and its actions and omissions described herein constituted deliberate indifference, discrimination based upon gender, and deprivation of Plaintiff's opportunity for educational benefit and caused mental and emotional harm all in violation of Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a).

39.   As a result of the foregoing acts, omissions and conduct, Plaintiff has suffered general and special damages in amounts to be shown at trial, and is entitled to all equitable and legal remedies and damages, provided in Title IX.

                    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40.   Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

41.   By reason of Defendants' wrongful acts, omissions and conduct alleged above, Defendants intentionally inflicted severe emotional distress upon Plaintiff.

42.   As a direct result of Defendants' intentional infliction of severe emotional distress, Plaintiff has suffered damages in an amount to be shown at trial.

## SEXUAL ASSAULT AND BATTERY AS TO DEFENDANT GARDNER

43.  Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

44.  At all times material, the aforesaid conduct of Defendant Gardner was offensive to Plaintiff and done without Plaintiff's consent and constituted assault and battery. Defendant Gardner knew or should have known that Plaintiff would find, and did find, such conduct offensive.

45.  As a direct result of Gardner's intentional conduct, Plaintiff has suffered the injuries and damages described herein.

## NEGLIGENCE AS TO BYUH AND BYUH STUDENT ASSOCIATION

46.  Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

47.  Defendants BYUH and BYUH Student Association assumed a duty to Plaintiff by:

a.  holding Gardner out as a competent and trustworthy employee, representative, and/or supervisor;

b.  holding out its school and facilities as safe environments for students;

c.  taking and inviting students into its facilities;

d. entrusting the supervision of employees to Defendant Gardner; and

e. fostering an environment in which Plaintiff was inhibited from reporting the sexual abuses against her.

48. Defendants BYUH and BYUH Student Association grossly negligently breached this duty by exposing Plaintiff to Gardner and failing to properly hire, screen, train, supervise, and discipline Gardner.

<u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

49. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

50. Defendants BYUH and BYUH Student Association's conduct described herein was negligent and done for the purpose of causing or with the substantial certainty or recklessness or conscious disregard of the likelihood that Plaintiff would suffer humiliation, mental anguish, and emotional and physical distress.

51. As a result of the above-described conduct, Plaintiff has suffered and continues to suffer pain and suffering, including but not limited to, anxiety, embarrassment and emotional distress resulting in damages in an amount to be shown at trial.

RESPONDEAT SUPERIOR/VICARIOUS LIABLITY

52.   Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

53.   Defendant Gardenr and other employee of the BYUH Defendants are persons or entities whose wrongful acts and/or omissions in some way proximately caused or contributed to Plaintiff's injuries in ways presently unknown to Plaintiff.

54.   BYUH and BYUH Student Association are vicariously liable for the negligence of their agents and/or employees through the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for general and special damages in amounts that will be proven at trial, and for her costs, interest from the date of the incident, reasonable attorney's fees, and such other relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable in this action.

DATED:  Honolulu, Hawai`i, September 30, 2016.

By: /s/ Mark F. Gallagher
    Mark F. Gallagher
    Attorney for Plaintiff

13